## United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MICHAEL UTLEY, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:21-CV-00516 |
| v. § | Judge Mazzant |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| *Defendant.* § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant State Farm Lloyds' Motion for Partial Summary Judgment (Dkt. #20). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Defendant State Farm Lloyds ("State Farm") sold Plaintiff Michael Utley ("Utley") an insurance policy covering certain property that Utley owns (Dkt. #7 ¶ 8). On or about June 18, 2019, a hailstorm allegedly caused damage to Utley's insured property. Subsequently, Utley submitted a claim to State Farm for this alleged damage (Dkt. #7 ¶ 10). On September 30, 2019, a State Farm employee inspected the property and prepared a damage estimate of $1,732.23 (Dkt. #20 at p. 7). This amount fell below Utley's deductible of $2,577.00 (Dkt. #20 at p. 7). On July 7, 2020, Utley hired a public adjuster who conducted another inspection of the home (Dkt. #7 ¶ 12). The public adjuster prepared a damage estimate of $116,884.52 and later spoke with State Farm regarding this estimate (Dkt. #20 at p. 18). State Farm informed Utley and his public adjuster that it would not be adjusting their claim decision based on this estimate (Dkt. # 7 ¶ 15).

On February 21, 2021, Utley's attorneys sent a demand letter to State Farm (Dkt. #7 ¶ 19). On March 5, 2021, in response to this letter, State Farm requested to re-inspect Utley's property (Dkt. #7 ¶ 20). On March 18, 2021, this inspection took place and State Farm once again declined to adjust its initial policy decision (Dkt. #7 ¶ 21). On June 3, 2021, Utley filed suit in the 471st District of Collin County. On July 6, 2021, State Farm removed the lawsuit to this Court. On August 4, 2021, Utley filed an amended complaint alleging causes of action for breach of contract, intentional violations of §§ 541 and 542 of the Texas Insurance Code ("Insurance Code"), intentional violation of the Deceptive Trade Practices Act ("DTPA"), intentional breach of the common law duty of good faith and fair dealing, and common law fraud (Dkt. #7 ¶ 24). On December 30, 2021, State Farm filed the present motion for partial summary judgment challenging all of Utley's claims, sans the claim for breach of contract (Dkt. # 20 at pp. 10–17). Utley filed his response on January 19, 2022 (Dkt. #26), and State Farm filed its reply on January 25, 2022 (Dkt. #27).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

State Farm has moved for summary judgment on all of Utley's extra-contractual claims

(Dkt. #20). In his response, Utley states that, after reviewing the facts and relevant law, "he hereby waives his extra-contractual claims asserted against State Farm based upon breach of the common law duties of good faith and fair dealing, common law fraud and violation of the Texas DTPA, and he does not contest this Court's summary dismissal of those claims only" (Dkt. #26 at pp. 1–2). Thus, the Court will grant summary judgment on Utley's claims for breach of the common law duty of good faith and fair dealing, common law fraud, and violation of the Texas DTPA.

> However, Utley states that
>
> [T]o the extent that [State Farm]'s instant MPSJ seeks the summary dismissal of [Utley]'s claims against it for failure to comply with the [Insurance Code] and engaging in unfair claim settlement practices in failing to comply with the Texas Prompt Payment of Claims Act, in violation of Ins. Code §§ 541.003(5), 541.005, 541.060, and [Utley]'s consequent claims for attorney's fees and statutorily permitted interest based upon the stated Ins. Code §§ 541.003(5), 541.005, 541.060, [Utley] vigorously contests such MPSJ.

(Dkt. #26 at p. 2). Utley's amended complaint originally cited causes of action based on eight provisions of the Insurance Code: §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), 541.060(a)(7), 542.055, 542.056, and 542.058 (Dkt. #7 ¶¶ 47–57).

With regard to §§ 541.003(5) and 541.005, the Court is unclear as to what Utley is referring, as Utley did not mention these claims in his amended complaint and § 541.003(5) does not seem to be an existing provision. *See* TEX. INS. CODE ANN. § 541.003. Similarly, Utley makes mention of the Texas Prompt Payment of Claims Act in his statement, but he does not cite any provision of § 542 in his response nor make any overt argument against summary judgment on these specific claims (Dkt. #26). However, State Farm does not make any specific mention or overt argument against Utley's § 542 claims in its motion for partial summary judgment either (Dkt. #20). Instead, State Farm only specifically argues for summary judgment under § 541.060 of the Insurance Code—not § 542 (Dkt. #20 at pp. 13–17). State Farm only references § 542 of the Texas Prompt

4

Payment of Claims Act in relation to attorneys' fees (Dkt. #27 at p. 3). The language of Utley's concession in his response coupled with State Farm's silence on the merits of the § 542 claims leaves the Court unsure as to whether Utley's claims under §§ 542.055, 542.056, and 542.058 are at issue in this motion. The Court will, therefore, examine Utley's §§ 541.060 and 542 claims separately.

I.  Utley's Claims Under §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7)

Insurance companies have "a common-law duty . . . to 'deal fairly and in good faith with their insureds.'" *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018) (quoting *Arnold v. Nat'l Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). "Similar to that common-law duty, the Insurance Code supplements the parties' contractual rights and obligations by imposing procedural requirements that govern the manner in which insurers review and resolve an insured's claim for policy benefits." *Id.* Under the Insurance Code, actual damages "are those damages recoverable at common law." *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 435 (Tex. 1995) (citing *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 939 (Tex. 1980)). "[A] breach of the duty of good faith and fair dealing will give rise to a cause of action in tort that is separate from any cause of action for breach of the underlying insurance contract." *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990).

State Farm moves for summary judgment on all of Utley's § 541.060 claims (Dkt. #20). State Farm asserts that, because Utley's common law bad faith claim fails, so too must his statutory bad faith claims under § 541.060. In support of this contention, State Farm relies on case law that indicates "[i]f there is no merit to [a] bad faith claim, there can be no liability on the statutory claims." *Alhamzawi v. GEICO Cas. Co.*, 216 F. Supp. 3d 764, 768 (N.D. Tex. 2016); *see also Tucker v. State Farm Fire and Cas. Co.*, 981 F. Supp. 461, 465 (S.D. Tex. 1997) ("[I]f there is no

5

merit to the bad faith action in *this* case, there can be no liability under either [the DTPA or the Texas Insurance Code]" (emphasis in original)). Utley does not respond substantively to this argument, focusing instead on the factual disputes between the parties.

State Farm's argument misses the mark. The holdings in *Alhamzawi* and *Tucker* came after a factual finding that the defendants did not act in bad faith. *See also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Since State Farm was found not to have acted in bad faith, it is clear we must . . . affirm the lower court's summary judgment for State Farm and against [plaintiff] on his claims for violations of the DTPA and the Insurance Code."). Importantly, however, common law bad faith claims and claims under the Insurance Code "are individual causes of action which do not depend on each other for support." *Id.* When Utley waived his claims of common law bad faith against State Farm, he did not concede that State Farm never acted in bad faith. He simply dropped the claim. To be sure, the Court has not reached the merits regarding *any* of Utley's claims up to this point in litigation. The dismissal of his common law bad faith claims without a determination on the merits, therefore, has no bearing on Utley's claims under the Insurance Code.

That said, the question still remains whether State Farm is entitled to summary judgment in a different respect. State Farm asserts that Utley "fails to point to any competent summary judgment evidence that State Farm committed statutory bad faith" (Dkt. #27 at p. 3). Utley urges that, despite years passing since the event at issue, State Farm "has unjustifiably and unreasonably refused to pay one dollar of [Utley's] proven hail and/or windstorm damage claim" (Dkt. #26 at p. 9). In reply, State Farm contends that "a bona fide dispute as to the extent of coverage or whether the Policy provides coverage for certain damages . . . is insufficient to establish common law or statutory bad faith" (Dkt. #27 at p. 3).

Indeed, "[e]vidence that shows only a bona fide coverage dispute does not rise to the level of bad faith." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 537 (S.D. Tex. 1999). But Utley has offered evidence that State Farm estimated the total damage from the storm at $1,732.22. In contrast, a public adjuster completed its damages estimate to be $116,884.52. Despite the disparity in these amounts, State Farm declined to re-inspect Utley's property. The Court makes no judgment as to the credibility of this evidence or to the weight it should receive. Indeed, that is the role of the jury. *Turner*, 476 F.3d at 343. Because the Court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment," *Casey Enters.*, 655 F.2d at 602, the Court concludes there exists a "genuine dispute as to [a] material fact." FED. R. CIV. P. 56(a). State Farm, accordingly, is not entitled to judgment as a matter of law at this juncture as to Utley's claims under Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7).

**II.     Utley's Claims Under §§ 542.055, 542.056, and 542.058**

Based upon the language and arguments in both parties' motions, the Court is unclear if Utley's §§ 542.055, 542.056, and 542.058 claims are at issue in the present motion for partial summary judgment. Given the lack of clarity, the Court will refrain from granting summary judgment as to these claims at this time. Similarly, to the extent that either party references these sections with respect to attorneys' fees, the Court finds such argument premature at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds' Motion for Partial Summary Judgment (Dkt. #20) is **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Plaintiff's claim of breach of the common law duties of good faith and fair dealing, violation of Chapter 541 of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, and common law fraud are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

SIGNED this 5th day of August, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE