# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MICHAEL UTLEY, § | |
| § | |
| *Plaintiff,* § | |
| § | Civil Action No. 4:21-CV-00516 |
| v. § | Judge Mazzant |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant State Farm Lloyds' Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert Gary Johnson (Dkt. #25); and Defendant State Farm Lloyd's Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert Michael Ogden (Dkt. #30). Having considered the motions and the relevant pleadings, the Court finds the motions should be **DENIED.**

## BACKGROUND

Defendant State Farm Lloyds ("State Farm") sold Plaintiff Michael Utley ("Utley") an insurance policy covering certain property that Utley owns (Dkt. #7 ¶ 8). On or about June 18, 2019, a hailstorm allegedly caused damage to Utley's insured property. Subsequently, Utley submitted a claim to State Farm for this alleged damage (Dkt. #7 ¶ 10). On September 30, 2019, a State Farm employee inspected the property and prepared a damage estimate of $1,732.23 (Dkt. #20 at p. 7). This amount fell below Utley's deductible of $2,577.00 (Dkt. #20 at p. 7). On July 7, 2020, Utley hired a public adjuster who conducted another inspection of the home (Dkt. #7 ¶ 12). The public adjuster prepared a damage estimate of $116,884.52 and later spoke with State

Farm regarding this estimate (Dkt. #20 at p. 18). State Farm informed Utley and his public adjuster that it would not be adjusting their claim decision based on this estimate (Dkt. # 7 ¶ 15).

On February 21, 2021, Utley's attorneys sent a demand letter to State Farm (Dkt. #7 ¶ 19). On March 5, 2021, in response to this letter, State Farm requested to re-inspect Utley's property (Dkt. #7 ¶ 20). On March 18, 2021, this inspection took place and State Farm once again declined to adjust its initial policy decision (Dkt. #7 ¶ 21). On June 3, 2021, Utley filed suit in the 471st District of Collin County. On July 6, 2021, State Farm removed the lawsuit to this Court. On August 4, 2021, Utley filed an amended complaint alleging causes of action for breach of contract, intentional violations of §§ 541 and 542 of the Texas Insurance Code ("Insurance Code"), intentional violation of the Deceptive Trade Practices Act ("DTPA"), intentional breach of the common law duty of good faith and fair dealing, and common law fraud (Dkt. #7 ¶ 24). On December 30, 2021, State Farm filed a motion for partial summary judgment that the Court granted in part and denied in part on August 5, 2022 (Dkt. #50).

On January 12, 2022, State Farm filed the motion to exclude expert Gary Johnson ("Johnson"), and on January 26, 2022, Utley responded (Dkt. #28). State Farm replied on February 2, 2022 (Dkt. #29). Then, on February 25, 2022, State Farm filed the motion to exclude expert Michael Ogden ("Ogden") (Dkt. #30). Utley responded on March 12, 2022 (Dkt. #31), and State Farm replied on March 17, 2022 (Dkt. #31). Finally, Utley filed his sur-reply to this motion on March 24, 2022 (Dkt. #33).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function

as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

State Farm asks the Court to exclude and/or limit the testimony of two of Utley's expert witnesses. The Court will discuss each witness separately.

### I. Expert Johnson

State Farm asserts that Johnson's expected expert testimony should be excluded because his report is insufficient, his opinions are inadmissible, his admissions are conclusory, and his deposition would be an unproductive use of resources. Utley responds that Johnson is qualified, as he has served as an expert in countless insurance cases throughout his career. Further, Utley asserts that Johnson's opinions squarely address State Farm's inadequacies in conducting its inspection of Utley's property damages.

Ultimately, Defendant's objections go to the weight Johnson's testimony should be given. For Johnson's testimony to be admissible, however, Utley does not need to prove that Johnson's conclusions are correct—just that the conclusions are reliable. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). The Court finds no basis for rendering Johnson's testimony wholly unreliable. Johnson has been an independent appraiser and building consultant for commercial and residential properties since 2005 and has worked in the field generally since 1992. He is a licensed adjuster in Texas, Oklahoma, and Florida. His lengthy career has afforded Johnson the opportunity

to inspect and adjust losses to properties suffering storm and catastrophe damages over 15,000 times. Further, Utley contends that Johnson's conclusions "are based upon widely accepted industry standards and his direct knowledge of the facts of this case" (Dkt. #28 at p. 8).

Accordingly, the Court finds that Utley has met its burden of showing Johnson is a reliable expert. To the extent that State Farm wishes to attack Johnson's report or testimony, it may do so by engaging in vigorous cross-examination at trial, or objecting where appropriate during direct examination of Johnson.

**II. Expert Ogden**

Objecting to Ogden's expert testimony, State Farm asserts that Ogden's opinions as to causation of Utley's property damage are unsupported and unreliable. Further, State Farm asks the Court to exclude Ogden's testimony because Ogden "has no basis to offer opinions on the reasonableness of State Farm's handling of the claim at issue or what damages would be covered under the policy at issue even though he included a broad opinion on both of these areas in his report" (Dkt. #30 at p. 2). Utley responds that State Farm's motion is untimely[1] and that Ogden is sufficiently qualified to serve as a reliable expert on insurance adjustments. Further, Utley contends that each of State Farm's arguments actually attack the weight to ascribe to the evidence, rather than the admissibility.

The Court agrees with Utley. Ogden is a certified public insurance adjuster in Florida and holds a public adjuster license in Florida and Texas. He has over twenty years' experience in renovation and consulting regarding commercial and residential losses from disasters. Further, Ogden owns and operates "two companies directly involved in property damage estimating and

---

[1] In its reply, State Farm explains that its motion was timely filed pursuant to the Court's amended scheduling orders. The Court confirms the accuracy of this contention. Further, State Farm argues that Utley's response was filed one day late. The Court also confirms the accuracy of this contention but declines to penalize Utley, as counsel for Utley demonstrates a good faith effort in attempting to timely file the response (Dkt. #33).

repair" (Dkt. #31 at p. 9). Ogden's report details the steps taken and calculations made that support Ogden's conclusions.

The Court recognizes that Ogden's conclusions regarding causation and claims handling do not appear bulletproof, or even strong for that matter. But again, it is not the Court's prerogative to assign weight to the expert testimony, as even shaky expert testimony is admissible as long as the party offering the expert testimony shows that expert's opinions are reliable. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Moreover, to the extent that Utley seeks to elicit legal opinions from Ogden, such as contract interpretation, State Farm may object during direct examination at trial.

## CONCLUSION

It is therefore **ORDERED** that Defendant State Farm Lloyds' Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert Gary Johnson (Dkt. #25) is **DENIED**.

It is further **ORDERED** that Defendant State Farm Lloyd's Motion to Exclude and/or Limit the Testimony of Plaintiff's Expert Michael Ogden (Dkt. #30) is **DENIED**.

**IT IS SO ORDERED**.
**SIGNED** this 25th day of August, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE